IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILIP GATTI, ET AL.          :

    v.                          :    Civil Action No. DKC 09-3248

TOKIO MARINE MANAGEMENT, INC. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this vehicular negligence case are (1) Defendant's motion to dismiss and/or for summary judgment (Paper 4), and (2) Defendant's supplemental motion for summary judgment. (Paper 21). The issues have been fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motions will be denied.

**I.  Background**

This claim arises from an accident that occurred on December, 22, 2006, when a car driven by Sachihiro Hayashi struck I.G., a minor child. Plaintiffs, Philip and Jasmine Gatti, the parents of I.G., allege that Mr. Hayashi is a Japanese diplomat, and that at the time of the accident he was insured by the Defendant, Tokio Marine Management, Inc. ("TMM"). (Paper 12, ¶ 1). Plaintiffs also allege that I.G. was injured in the accident and that as a result "she suffered pain and

functional impairments" and continues to suffer "residual pain and discomfort." (Paper 12, ¶ 10). Plaintiffs maintain that they have incurred medical bills on I.G.'s behalf, and that these expenses will continue for the foreseeable future. (*Id*.).

On December, 7, 2009, Plaintiffs commenced this vehicular negligence action against Defendant pursuant to 28 U.S.C. § 1364, which provides for direct actions against insurers of members of diplomatic missions.[1] (Paper 1). Plaintiffs seek damages in the amount of $100,000. On January 29, 2010, Defendant filed a motion to dismiss and/or for summary judgment, arguing that it did not insure Mr. Hayashi at the time of the accident. (Paper 4). On May 25, 2010, Defendant filed a supplemental motion for summary judgment, arguing that Mr. Hayashi was not entitled to diplomatic immunity at the time the

---

[1] On February 3, 2010, Plaintiffs received a letter from the United States Department of State, indicating that Mr. Hayashi was insured by Travelers Insurance Company at the time of the accident. (Paper 6, Ex. 5). On March 17, 2010, Plaintiffs amended their complaint to include The Travelers Indemnity Company as a second defendant. (Paper 12). Plaintiffs' claim against Travelers was identical to the claim it asserted against TMM. On April 21, 2010, Travelers Indemnity Company filed a motion to dismiss and/or for summary judgment, arguing that it did not insure Mr. Hayashi at the time of the accident. (Paper 17). On April 30, 2010, Plaintiffs received a second letter from the United States Department of State, explaining that their earlier letter had been in error, and that "during the 8/28/2006 to 7/14/2007 time period, Mr. Hayashi's . . . vehicle was insured by Tokio Marine." (Paper 20, Attach. 1). On May 4, 2010, Plaintiffs voluntarily dismissed the claim against Travelers Indemnity Company. (Paper 18).

2

claim was initiated, and that it therefore cannot be held directly liable for the accident. (Paper 21).

**II. Motions for Summary Judgment**

In its first motion, Defendant moves to dismiss or, in the alternative, for summary judgment. (Paper 4). A court considers only the pleadings when deciding a Rule 12(b)(6) motion. Where the parties present matters outside of the pleadings and the court considers those matters, as here, the motion is treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b); *Walker v. True,* 399 F.3d 315, 319 n.2 (4th Cir. 2005); *Offen v. Brenner*, 553 F.Supp.2d 565, 568 (D.Md. 2008). In its second motion, Defendant moves for summary judgment. (Paper 21).

    **A. Standard of Review**

It is well-established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party, then summary judgment is inappropriate.

*Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979).  The moving party bears the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  A complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial.  *Celotex Corp.*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 256; *Celotex Corp.*, 477 U.S. at 324.  However, a mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary

judgment. *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir.), *cert. denied*, 522 U.S. 810 (1997). There must be sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50 (citations omitted).

**B. Motion to Dismiss and/or for Summary Judgment**

Pursuant to 22 U.S.C. 254(e), members of foreign diplomatic missions are required to carry liability insurance when operating motor vehicles in the United States. Furthermore, 28 U.S.C. § 1364 allows the victim of a diplomat tortfeasor to bring a direct action against the diplomat's insurer. Here, Plaintiff brought a direct action against Defendant, and has alleged that Defendant insured Sachihiro Hayashi at the time of the accident and that Mr. Hayashi is a Japanese diplomat.

Defendant contends that it was not Mr. Hayashi's insurer at the time of the accident, and that summary judgment should therefore be granted in its favor. In support of this contention, Defendant attaches the affidavit of John Attamante, an employee of TMM. (Paper 4, at 6). Mr. Attamante avers that "TMM is not the insurance carrier for the tortfeasor diplomat, Sachihiro Hayashi," and that "TMM is not a liability insurance carrier." (*Id.*). Defendant also explains that "TMM is the

agent for Tokio Marine Nichido" and "handles claims" for them, but "is not the insurer for this loss." (Paper 7, at 1).

Plaintiffs respond that summary judgment cannot be granted because they have not been afforded adequate time for discovery. They also maintain that Defendant insured Sachihiro Hayashi, and support this contention with several pieces of evidence. (Paper 5, Attach. 2-5; Paper 22, Attach. 1). The first is the police report of the accident, which lists "Tokio Marine @ N" as Mr. Hayashi's insurance carrier. (Paper 5, Attach. 2). The second is a series of nearly identical letters Plaintiffs received from John Attamante, which refer to Mr. Hayashi as "Our Insured," and note that Mr. Attamante is "handling this file" for TMM. (Paper 5, Attach. 3). The third is a screen capture of TMM's website (Paper 5, Attach. 4), which Plaintiffs contend is proof that "TMM is not a minor department of Tokio Marine Nichido, but rather, the main body responsible for all Tokio Marine Nichido operations within the United States." (Paper 5, at 6). Finally, Plaintiffs attach a letter from the United States Department of State, which specifies that "during the 8/28/2006 to 7/14/2007 time period, Mr. Hayashi's Honda was insured by Tokio Marine." (Paper 20, Attach. 1).

Generally, summary judgment may only be granted after the nonmoving party has had "adequate time for discovery." *Celotex Corp.* 477 U.S. at 322; *see also*, *Gay v. Wall*, 761 F.2d 175, 177

(4th Cir. 1985)("[A] party must be afforded a 'reasonable opportunity for discovery' before a Rule 12(b)(6) motion may be converted and summary judgment granted."). It is not enough, however, for the Plaintiffs merely to lament the need for more discovery. "'[A] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit.'" *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995)(quoting *Hayes v. North State Law Enforcement Officers Ass'n*, 10 F.3d 207, 215 (4th Cir. 1993)(internal quotations omitted)). Plaintiffs are required to "focus our attention on an affidavit presented to the district court that particularly specifies legitimate needs for further discovery." *Nguyen*, 44 F.3d at 242. Plaintiffs have not submitted an affidavit as required by Rule 56(f) and therefore cannot rely on their supposed lack of adequate discovery to defeat Defendant's motion for summary judgment.

Still, as the moving party, Defendant bears the burden of showing that there is no genuine issue as to any material fact. The affidavit of Defendant's employee, along with its own unsupported contentions regarding its relationship with Tokio Marine Nichido, are far from dispositive proof that Defendant did not insure Mr. Hayashi. In light of the conflicting

7

evidence provided by Plaintiffs, Defendant has failed to establish that there are no genuine issues of material fact. Its initial motion for summary judgment will be denied.

**C.    Supplemental Motion for Summary Judgment**

Defendant contends that under 28 U.S.C. § 1364(a), a direct claim against an insurer may only proceed if the tortfeasor had diplomatic immunity at the time of the tort and at the time the lawsuit was filed. (Paper 21). Defendant argues that Sachihiro Hayashi did not have diplomatic immunity at the time that this suit was filed, and that Defendant therefore cannot be held directly liable for the accident. Defendant attaches the affidavit of Sachihiro Hayashi, who avers that he "returned to Japan on August 21, 2009," and since that time "has not been attached to the Japanese embassy in Washington, D.C." Defendant notes that this claim was brought in December 2009. Plaintiffs respond that, under 28 U.S.C. § 1364(a), they only have to prove that the tortfeasor had diplomatic immunity at the time the tort was committed. They argue that Mr. Hayashi was attached to the Japanese mission in Washington, D.C. at the time of the accident.

Defendant relies on *Madoo v. Globe American Casualty Co.*, 650 F.Supp. 855 (D.Md. 1986) to support its contention. In *Madoo*, the court interpreted then applicable 28 U.S.C. 1364(a):

> The federal courts are courts of limited subject-matter jurisdiction. It is well-settled in at least one area where jurisdiction is status-based (diversity of citizenship), that the court's jurisdiction is tested by facts existing at the time the complaint was filed. *See*, *e.g.*, *Mullins v. Beatrice Pocahontas Co.*, 489 F.2d 260, 261-67 (4th Cir. 1974). Application of such a test appears warranted by the plain language of the statute at issue here: "an insurer who . . . has insured an individual, who is a member of a mission . . . ." (Emphasis added.) This Court has no warrant to assume that the present tense was inadvertently used by Congress when defining the federal courts' jurisdiction in the statute. Thus, the plain words of the statute appear to require that, when suit is filed, the insured be a member of a mission or otherwise entitled to diplomatic immunity.

650 F.Supp. at 856. The year after *Madoo* was decided, Congress amended 28 U.S.C. 1364(a). The full text of the statute now states:

> The district courts shall have original and exclusive jurisdiction, without regard to the amount in controversy, of any civil action commenced by any person against an insurer who by contract has insured an individual, who is, *or was at the time of the tortious act or omission*, a member of a mission (within the meaning of section 2(3) of the Diplomatic Relations Act (22 U.S.C. 254a(3))) or a member of the family of such

9

> a member of a mission, or an individual described in section 19 of the Convention on Privileges and Immunities of the United Nations of February 13, 1946 [unclassified], against liability for personal injury, death, or damage to property.

28 U.S.C. § 1364(a) (emphasis added). The plain language of this statute now requires only that the insured is, or was at the time of the tortious act, a member of a mission or otherwise entitled to diplomatic immunity. Plaintiffs have properly shown that Mr. Hayashi was a member of a diplomatic mission at the time of the accident. Therefore, Defendant's supplemental motion for summary judgment will be denied.

## III. Conclusion

For the foregoing reasons, Defendant's motions will be denied. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge